Preston v. Brant.

PRESTON *et al.*, *Appellants*, v. BRANT *et al.*

1. **Will:** CONSTRUCTION: DESCRIPTION OF DEVISEES. Where a testator by the third clause of his will devised certain land to his wife for life, "and after her death unto the heirs of my daughter E., * * * and the heirs of my son H. * * * and the heirs and assigns forever of said heirs, which said heirs shall take * * * as purchasers from me, and not by inheritance of, or descent from, my said wife;" and in other clauses similar devises were made to E. for life and then to her heirs and to H. for life and then to his heirs, the heirs to take by purchase from the testator and not by inheritance or descent from E. and H., it is shown that the terms "heirs of E." and "heirs of H." were used by the testator as referring to a class, and under the third clause of the will such heirs will take *per stirpes* and not *per capita*.

2. ——: ——: TAKERS BY PURCHASE. Those who take by purchase may take unequally, if it is so provided by the donor or grantor.

3. ——: ——: REMAINDER. The estate created in favor of the heirs of E. and H. by the third clause of the will was a remainder contingent upon the death of E. and H. during the life of the life-tenant, and upon the happening of the contingency it became vested.

4. ——: ——: ——: PARTITION. Such estate in remainder may be partitioned during the life of the life-tenant.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*John Wickham* and *Henry T. Kent* for appellants.

(1) Under the Missouri statute governing partition, a remainderman or reversioner in fee of an undivided interest in land tenements or hereditaments held in joint tenancy, tenancy in common or coparcenary may maintain a suit for partition against the owners of the other

Preston v. Brant.

undivided interest in the remainder, the whole premises being subject to a life estate unexpired. R. S. 1879, secs. 3339, 3341, 3343; *Reinders v. Koppelman*, 68 Mo. 501-2; *Blakely v. Calder*, 15 N. Y. 625-6; *Scoville v. Hilliard*, 108 Ill. 455-6; *Cook v. Webb*, 19 Minn. 171-2. (2) The solution of the question as to whether the parties take *per capita* or *per stirpes*, must depend upon the intention of the testator as indicated by the words employed by him; and upon a consideration of his entire will taken as a whole, and the general design and scope of the instrument under all the circumstances surrounding the testator at the time of its execution. *Hall v. Stephens*, 65 Mo. 677; *Allison v. Chaney*, 63 Mo. 279; *Brant's will*, 40 Mo. 279. (3) When a gift is made by will to the heirs of two or more different persons, if the ancestors be living, their heirs shall take *per stirpes;* if dead, *per capita.* 2 Jarman on Wills, 619, note 18. (4) Purchasers do not necessarily take equally *per capita;* on the contrary they take in the proportion indicated by the instrument of gift, *per formam doni.* *Lackland's Heirs v. Downing's Ex'r*, 11 B. Mon. 34-5. (5) It will be observed that the heirs of the testator's daughter, and the heirs of his son, are nowhere mingled into one mass, but are always spoken of by the testator as two distinct families, and as the heirs of Henry B. Brant, and the heirs of Elizabeth L. McDowell, are provided for in the fourth and fifth clauses of the will as two distinct classes, it is reasonable to infer that when the testator refers to them by the same words and description in the third clause, the presumption is that he intended them to take the remainder as distinct classes in said clause also. *Lockhart v. Lockhart*, 3 Jones' Eq. 205-6.

*Hitchcock, Madill & Finkelnburg* for respondents.

(1) The word "heirs," as used in the clause of Col. Brant's will under consideration, is not used in its ordinary sense, but as equivalent to "children" of his son

and daughter respectively. It does not signify that the persons thereby indicated were to take by way of representation. On the contrary, the express declaration that they were to take as "purchasers from me" excludes any such idea. (2) The gift was therefore to all the devisees who should answer the description in the will, as individuals, directly from the testator. (3) It follows that unless some contrary intent is indicated in the will itself, all these devisees, taking as individuals, take *per capita* and in equal shares. (4) But nothing in the will indicates any intent that any one of the testator's grandchildren should receive a larger share than any other of them. All of them being in equal degree of consanguinity to the testator, the presumption is that all of them were to take equally. (5) If the Missouri statute of descents is to be resorted to in construing the devise in question, the same conclusion follows from the provisions of Revised Statutes 1879, section 2165.

NORTON, C. J.—This is a suit for the partition of certain lands described in the petition. The suit was dismissed by the circuit court, and from the judgment entered upon the dismissal, plaintiffs have appealed; and the controlling point in controversy is as to what construction ought to be given to the third clause of the will of Joshua B. Brant. In this clause, the testator devises to his wife certain real estate set out in plaintiffs' petition, and is the subject in controversy in this suit, the *habendum* clause being as follows: "To have and to hold the said real estate described in this section, unto her my said wife, Sarah B. Brant, during her natural life (and no longer) and after her death, unto the heirs of my daughter Elizabeth Lovejoy McDowell, and the heirs of my son Henry B. Brant, and the heirs and assigns forever of said heirs, which said heirs shall take said last-mentioned real estate as purchasers from me and not by inheritance of, or descent from, my said wife."

In construing the above section of the will it must be looked at in the light shed upon it (if any) by the following provisions thereof :

Sec. 4. He devises certain real estate to his son Henry, the *habendum* clause being as follows : "To have and to hold the said real estate described in this section unto my said son Henry B. Brant, during his natural life (and no longer), and after his death unto his heirs and the heirs and assigns forever of said heirs, which said heirs shall take said last-mentioned real estate as purchasers from me and not by inheritance or descent from my son Henry B. Brant."

Sec. 5. He bequeaths to his son Henry certain personal property.

Sec. 6. He devises certain real estate to his daughter Elizabeth L. McDowell, with *habendum* clause as follows : "To have and to hold the said real estate described in this section unto my daughter Elizabeth Lovejoy McDowell during her natural life (and no longer), and after her death unto her heirs and the heirs and assigns forever of said heirs, which said heirs shall take the last-mentioned real estate as purchasers from me and not by inheritance or descent from said Elizabeth Lovejoy McDowell."

Sec. 7 provides that if any of the children of Elizabeth and Henry die, leaving issue, that said issue is to receive the portion of their father or mother.

Among other things agreed upon at the trial, are the following : That Joshua B. Brant, the testator, died in 1861; that he left a widow, his second wife, the defendant Sarah B. Brant; a son, Henry B. Brant, by his first wife, and a daughter, Elizabeth L. McDowell, by his second wife, the defendant Sarah B. Brant him surviving; that at the date of the will, Henry B. Brant, the son of the testator, was a married man with five children then living ; that since that time two other children have been born to him ; that Henry Brant died in 1869, leaving seven children who are defendants in this

suit. It was further agreed that, at the date of the will, Elizabeth L. McDowell, testator's daughter, was the wife of James McDowell, now deceased, and that she had three children then living ; that since the death of the testator, Brant McDowell, one of the plaintiffs, was born to the said Elizabeth ; that the said Elizabeth L. died June 10, 1875, leaving three children as her heirs, May McDowell, Sarah B. McDowell and Brant McDowell ; that the said Mary McDowell died in December, 1875, leaving a will devising her interest in the estate in question to Sarah McDowell, who intermarried with plaintiff, Wicliffe Preston, in February, 1883. It was also admitted that Joshua B. Brant, by his last will, divided the whole of his estate into three parts, nearly or quite equal to each other, and disposed of these parts as stated in the will.

The controlling controverted question in this case grows out of the third clause of the will above noted, it being contended on the part of plaintiffs that under said clause, the heirs of said Elizabeth and the heirs of said Henry take *per stirpes* and not *per capita*. This proposition is disputed by defendants who contend that said heirs take *per capita*, and the respective counsel have cited us to a number of cases to support their respective contentions.

It may be said, that in construing wills, precedents are of but little value except in so far as they may be like the case in hand, and except in so far as they may formulate and lay down rules to be applied alike in the construction of all wills. One of these rules is that the intention of the testator when ascertained must govern, and that such intention must be sought for by a consideration of the whole instrument, and not from single words or passages.

Viewing the will in question in this light, we think it is apparent that in the fourth clause thereof, the testator referred to the heirs of Henry Brant as a class and

that in the sixth clause he referred to the heirs of his daughter Elizabeth as a class, and intended they should take as such. Having twice referred to these heirs respectively as a class, no reason is perceived why we should conclude that when they are referred to as heirs in the third clause of the will, that the same words were used by the testator in a different sense from the same words used in the fourth and sixth clauses.

The testator, having classified these heirs in two classes of his will by naming them as distinct classes, why should we conclude that in the third clause he did not intend to refer to the heirs as a class, where he uses the same language as that employed in the two clauses, viz.,. fourth and sixth? In the case of *Lockhart v. Lockhart*, 3 Jones' Eq. 205-6, it is said : "Where a testator in one part of his will uses words in a sense about which there can be no mistake, and the same words are used in another part of the will, the presumption is that he uses them in the same sense. So when in one part of his will he treats the objects of his bounty as a '*class*' and in another part of his will he refers to them by the same words of description, the presumption is that he used the same words in the same sense, and intends them to take as a class ; and the division of the fund would be *per stirpes* as to them, treating them as a class, because the will in another part treats them as a class." This rule, which is a reasonable one, applied to this case supports the contention of plaintiffs, that the heirs of Henry, and the heirs of Elizabeth, as referred to in the third clause of the will, take *per stirpes*.

It is suggested in argument that while the language used in the third clause of the will constitutes the heirs of Henry into one group, and the heirs of Elizabeth into another, and that these two groups being connected by the word "and" were thereby constituted into one class, and that they therefore take *per capita*. This reasoning is too subtle, and the distinction drawn too refined for practical application.

It is also suggested in argument that if the testator had intended that the heirs of Henry and Elizabeth should take *per stirpes*, that he could have so said, and that not having said so it is to be inferred that he did not intend that they should so take. The answer to this is, that if he intended them to take *per capita* he could have said so and that not having said so, the inference might be drawn that he did not so intend, especially so when the legal significance of the words employed, considered with reference to other clauses of the will, required them to take *per stirpes*.

There being no words in the third clause of the will indicating that the testator used the word "heirs" in said clause in a sense different from that in which it was used in the fourth and sixth clauses, we are not authorized to supply or infer them, for that would be not to construe, but to make a will.

We think it cannot fairly be claimed that the testator indicated that the heirs of said Henry and Elizabeth should take *per capita* by providing in the three clauses of the will above named that they should take as purchasers. While this indicates the manner in which they are to take, it does not indicate the *quantum* of interest they were to take, or that they were to take any greater or less interest than is given by the will. Those who take by purchase may take unequally if it is so provided by the donor or grantor. *Templeton v. Walker*, 3 Rich. Eq. [S. C.] 543; *Lackland's Heirs v. Downing's Ex'r*, 11 B Mon. 34-5.

The conclusion we have arrived at, that under the third clause of the will the heirs of said Henry and said Elizabeth take the fee in remainder *per stirpes* and not *per capita* is sustained by the following authorities: *Bassett v. Granger*, 100 Mass. 348; *Rand v. Sanger*, 115 Mass. 128; *Cole v. Crayon*, 1 Hill's Ch. 319-20; *Fissel's Appeal*, 27 Pa. St. 55; *Henderson v. Womack*, 6 Ire. Eq. 437; *Roome v. Counter*, 6 N. J. 111; *Miller's Appeal*, 35 Pa. St. 323; *Walker v. Griffin*, 11 Wheat.

375 ; *Balcom v. Haynes*, 14 Allen, 204 ; 2 Jar. on Wills, 69 ; 8 Metc. 450 ; 9 Metc. 143.

That the estate created by the will in the third clause, is a remainder contingent upon the death of Henry and said Elizabeth during the life of the life-tenant, and that upon the happening of the contingency it became vested, is settled by what is said in 4 Kent's Com. 208.

That the estate sought to be partitioned is subject to be partitioned is settled by the case of *Reinders v. Koppelman*, 68 Mo. 501-2.

The judgment is hereby reversed and cause remanded to be proceeded with in conformity with this opinion. All concur except RAY, J., absent.