# BRAINARD T. HILL et al., Appellants, v. ELLERY W. HILL et al.

### Division Two, July 14, 1914.

1. PARTITION: During Life Estate: Contrary to Will. Where the will gave land to testator's son and his wife "during their natural lives and at the death of both to be divided equally between all my grandchildren; but should my son die before his wife the real estate is to be divided equally between my grandchildren and said daughter-in-law, share and share alike," the land cannot be partitioned during the lifetime of said son, even on his petition, the word "divided" indicating clearly that it was the testator's will that no sale or other disposition of the property be made during the life of the son. [Refusing to follow Reinders v. Koppelman, 68 Mo. 482; Sikemeier v. Galvin, 124 Mo. 367; and Preston v. Brant, 96 Mo. 552; and following the more recent cases of Gullick v. Huntley, 144 Mo. l. c. 246, and Stewart v. Jones, 219 Mo. 614.]

2. ———: Divide: Definition. The word "divide," when given its ordinary and usual significance, means to partition into severalty.

3. ———: Construing Will: Meaning of Terms. In construing a will, courts derive but little assistance, in determining the

meaning to be given the various terms and expressions used therein, from adjudicated cases. No two wills are precisely alike, and the conditions which surround testators differ so widely that conclusions reached in one case are rarely of great service as a guide in another.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Avery, Young & Woolfolk* and *Frank Howell* for appellants.

(1)  The court had jurisdiction of the subject-matter and of all the parties having any interest in the lands sought to be partitioned and under the laws of this State, the lands were subject to partition between the parties. Sikemeier v. Galvin, 124 Mo. 367; McQueen v. Lilly, 131 Mo. 9.  (2)  The estate in remainder may be partitioned during the life of the life tenant, and so also if the life tenant and anyone interested in the remainder join in a request for partition, the whole estate may be partitioned and sold or divided in kind. Reinders v. Coppleman, 68 Mo. 482; Preston v. Brant, 96 Mo. 552.  (3)  It is the policy of our law to make all real property freely alienable and available and to give to each owner the use and enjoyment of his part when it is possible without prejudice to others. Donaldson v. Allen, 182 Mo. 626. (4)  The partition prayed for in this cause was not contrary to the provisions of the last will of William H. Hill. Sikemeier v. Galvin, 124 Mo. 367; Godman v. Simmons, 113 Mo. 122; Thompson v. McClernon, 142 Mo. App. 440; Stewart v. Jones, 219 Mo. 614.

*R. L. Sutton* and *Creech & Penn* for respondents.

(1) Partition of the property devised in this case is contrary to the intention of the testator, expressed

in his will, and therefore violative of the imperative terms of the statute. Secs. 583, 2569, R. S. 1909; Gulick v. Huntley, 144 Mo. 250; Stewart v. Jones, 219 Mo. 614; Carter v. Long, 181 Mo. 709. (2) The intention of the testator is the soul of the will. Cox v. Jones, 229 Mo. 63.

BROWN, J.—Action for partition of real estate. From a judgment of the circuit court sustaining a demurrer to the plaintiffs' petition, they appeal.

On June 23, 1905, one William H. Hill devised his real estate to his son, daughter-in-law and grandchildren by the following will:

"I will and bequeath my real estate consisting of about two hundred acres one-fourth of a mile southeast of Troy in Lincoln County, Mo., to my son B. T. Hill and his wife Nettie during their natural lives and at the death of both to be divided equally between all of my grandchildren. But should my son B. T. Hill die before his wife, I devise that the real estate be divided equally between my grandchildren and daughter-in-law, Nettie, share and share alike. I give to my son B. T. Hill six hundred dollars, I give and bequeath to each of my grandchildren the sum of five hundred dollars, the share of her two children to be held in trust and managed by my daughter-in-law, Nettie, their mother, I hereby nominate, constitute and appoint my son B. T. Hill executor of this my last will and testament without bond."

The petition, to which a demurrer was sustained, contains a copy of the foregoing will and avers that the plaintiff Brainard T. Hill is the B. T. Hill referred to as a devisee in said will; that plaintiff Emma A. Hill is the wife of said Brainard T. Hill, and is designated in said will as "Nettie" Hill; that plaintiff Jessie W. Hill and the defendants are the grandchildren of William H. Hill the testator. Said testator died in 1905, and his will was duly probated.

Plaintiffs Brainard T. and his wife, Emma A. Hill, allege that, under the will of William H. Hill, they are the owners of a life estate in the land sought to be partitioned. That, owing to the large number of interests in the land so devised, such land cannot be equitably partitioned in kind between plaintiffs and defendants; wherefore plaintiffs pray that said land be sold and the value of the life estate of said Brainard T. and Emma A. Hill be paid to them out of the proceeds of such sale, and that the remainder of said proceeds, less the expenses of the sale, be distributed to the grandchildren of said William H. Hill, deceased.

The defendants, who are minors, through their curator demurred to said petition on the ground that it shows on its face that the lands described in the petition are not subject to partition.

It will thus be seen that the demurrer of defendants presents the issue that, under section 2569, Revised Statutes 1909, the real estate **Partition: Contrary to Will.** described in the petition cannot be partitioned in kind or sold during the lifetime of plaintiff Brainard T. Hill without disregarding the intent of the testator, as expressed in his will.

It will be observed that the will makes two provisions under either of which the real estate devised may be divided. First, upon the death of both Brainard T. and his wife Emma A. Hill; and, second, upon the death of Brainard T. Hill while his wife is yet living. Neither of those parties have died, and the vital question before us is: Can the real estate so devised be partitioned or sold without disregarding the expressed wishes of the testator? The proper construction of the word *divided,* as used in the will now in judgment, must, in a large measure, determine the issue confronting us. Did the testator by directing that the real estate should be divided upon the death

of Brainard T. Hill, or upon the death of both Brainard T. and his wife Emma A., express a desire that such real estate be not partitioned or sold until such death or deaths?

To sustain their contention that the real estate devised by William H. Hill may now be sold in partition while Brainard T. and Emma A. Hill are yet alive, plaintiffs' counsel cite, and rely extensively upon, Reinders v. Koppelmann, 68 Mo. 482; Sikemeier v. Galvin, 124 Mo. 367; and Preston v. Brant, 96 Mo. 552. It is quite true that Reinders v. Koppelmann does support the doctrine for which plaintiffs contend, but this court has declined to follow the rule announced in that case in two cases which subsequently came before it, as will presently appear.

Reinders v. Koppelmann, supra, seems to have been decided when the technical rules of the common law were applied in the construction of deeds and wills with more vigor than at the present time.

In Gullick v. Huntley, 144 Mo. l. c. 246, it was ruled that a will conveying land to Mary Huntley ''for life, and after her death to be divided equally, share and share alike'' between the sons and daughters of her husband (the testator) could not be partitioned during the lifetime of said Mary Huntley. Reinders v. Koppelmann, Sikemeier v. Galvin and Preston v. Brant, supra, were all considered at the time the last above noted announcement was made (144 Mo. l. c. 250), yet the doctrine of those cases was not followed.

In the more recent case of Stewart v. Jones, 219 Mo. 614, there was brought here for construction a will by which one Patrick Jones devised certain real estate to his widow for life, and directed that at her death it should be sold and the proceeds divided among certain remaindermen. In construing that will the present learned Chief Justice of this court, the members of Division One concurring, ruled that the land thus devised could not be sold during the life-

time of the widow of Patrick Jones, because such sale would contravene the intention of the testator. This ruling was made notwithstanding the fact that the widow of Jones had married and conveyed her life estate in the devised lands to another person and was no longer using such lands as a home. From the brief of respondent in that case we observe that Sikemeier v. Galvin, 124 Mo. 367, was cited, but not followed. While the three cases mainly relied upon by appellant may not have been expressly overruled, they have been intentionally disregarded in cases where they were cited and could have been followed. We hold they are not controlling authority in this State, in so far as they conflict with the conclusions announced in this case.

Counsel for plaintiffs have cited a multitude of authorities to sustain the proposition that real estate may be sold in partition, notwithstanding the existence of contingent remainders. That issue is not directly before us now. The right to partition in kind or to sell real estate contrary to the expressed wishes of a testator, through whom the plaintiffs derive title, is the only issue properly before us.

By directing that the land which he devised should be divided upon the death of Brainard T. Hill, or upon the death of both Brainard T. and his wife, William H. Hill expressed a desire that such real estate be not sold until one or the other of those contingencies arose.

The word *divide,* when given its ordinary and usual construction, means to partition into severalty. [Webster; 14 Cyc. 553.] Counsel for plaintiffs have cited us to many authorities which they claim tend by analogy to support their position, but we decline the task of reviewing the numerous authorities so cited. It is not our desire in this case to pad the reports with a thesis on the law of wills. Our purpose is to decide

this case correctly, and in conformity with the latest decisions of this court.

We are much impressed with the views announced by Judge Scott of the Supreme Court of Illinois in the case of Dee v. Dee, 212 Ill. l. c. 347 (a case which supports the conclusion we have reached in the case at bar about as fully as a ruling on one will case can support another by the doctrine of analogy). In the Dee case Judge Scott says:

"In construing a will, the court derives but little assistance in determining the meaning to be given the various terms and expressions used therein from the examination of adjudged cases. No two wills are precisely alike, and the conditions which surround one testator differ so widely from those which surround another that the conclusion reached in one instance is rarely of great service as a guide in another."

Finding that the case at bar was correctly decided by the court *nisi*, its judgment sustaining the demurrer to and dismissing plaintiffs' petition is affirmed. *Walker, P. J.*, and *Faris, J.*, concur.