JAMES C. KING et al., Appellants, v. HENRY THEIS.

### Division One, December 3, 1917.

1. **ESTATE TAIL: Title in Remainderman.** An estate tail at common law is abolished by statute, and the tenant of the fee tail becomes a life tenant, with remainders in fee simple to the person to whom the estate would first pass on the death of the first grantee.

2. **LIFE ESTATE: Joint Tenants.** Unless the testator expressly so declares in his will the devisees are not joint tenants of the life estate.

3. ————: **Partition: Binding on Remaindermen.** A partition of real estate, which appertains only to a life estate, in the absence of fraud, is binding on the remaindermen of the respective life tenants, the remaindermen in that respect being represented by the owners of the preceding estate.

4. ————: **Death of Remainderman: Partition: Limitation.** Where testator devised his entire farm to a daughter for life or until her marriage, and, in the event of her marriage, to his two married daughters and a son as tenants in common for life, with remainder in fee in their respective bodily heirs, and said daughter married, and partition suit was brought, to which all the named devisees were parties, the portion alloted to the son, upon his death in 1899 leaving neither wife nor descendants, vested in the surviving daughters, and the action of the children of one of them to recover that portion, brought on March 28, 1914, was barred, by the ten-year Statute of Limitations and Sec. 1883, R. S. 1909, by a foreclosure sale under a deed of trust placed thereon by the son in his lifetime and the continuous possession thereunder by the purchaser, if said daughter's disability of coverture was removed by her husband's death on December 25, 1904, and she died in 1912 without instituting suit.

5. **LIMITATIONS: Not Pleaded.** Evidence in support of the Statute of Limitations is admissible under a general denial.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*Kenneth McC. DeWeese* and *Bailey & Hart* for appellants.

(1)   Upon the marriage of Fanny E. Cooper the devise made in item three of the will of David Cooper, was to the four children as a class, and the devise was to them and the bodily heirs of each of them, thereby entailing the real estate upon them.   Long v. Timms, 107 Mo. 519; Faris v. Ewing, 183 S. W. 280; R. S. 1909, sec. 2874. (2)   The survivor of the four children of David Cooper, Sallie A. King, took the whole estate as a life tenant, and upon her death the plaintiffs herein took the estate in fee simple as purchasers under their grandfather's will, and not as heirs at law of their mother, Sallie A. King. R. S. 1909, sec. 2872.   (3) After the partition proceedings, the deed of trust executed by Joseph D. Cooper, the trustee's deed made under foreclosure, and the mesne conveyances thereafter made, through which the defendant claims, conveyed no greater estate than that of which Joseph D. Cooper was possessed, and as he was not the surviving life tenant, and died leaving no bodily heirs, the estate conveyed by all said deeds terminated with his death, and his share passed under the will.   (4) Plaintiffs could maintain no action until after the death of Sallie A. King.   (5) A judgment in ejectment is not *res adjudicata,* and persons who were not parties or privies to a cause of action are not bound by a judgment rendered therein.   Crowl v. Crowl, 195 Mo. 338.   (6) A judgment not based upon a sufficient record, to which it must be responsive, is *coram non judice,* and void.   Charles v. White, 214 Mo. 187.   (7) Sec. 2092, R. S. 1889, was repealed in 1897.   The suit of Louis L. Lynn against these plaintiffs and others was brought in 1900, and the judgment and proceedings in said case, which was brought under said section are void.   Merriwether v. Love, 167 Mo. 514; Hudson v. Wright, 204 Mo. 412.   (8) The Statute of Limitations, and the doctrine of adverse possession, as defense, must be pleaded in all cases except ejectment, and this for the eminent reason that a judgment is *res judicata* in all matters save ejectment.   Johnson. v. Ragan, 265 Mo. 420, 447; Stevenson v. Smith, 189 Mo. 466.   Possession during a life tenancy cannot

be adverse to the remainderman, who is not entitled to possession until the termination of the life estate.

*J. H. Denny* and *Roy D. Williams* for respondent.

(1) Joseph Cooper died January 1, 1899, leaving no wife or children. The land then, under the statute or under the will—it is immaterial which—vested in his surviving sisters, Eliza Woods and Sallie King. The land at this time was in the open, notorious and adverse possession of Lynn and has remained so in him and his grantees ever since. Dyer King, the husband of Sallie King, died December 25, 1904. Eliza Woods died February 9, 1908. This suit was begun March 28, 1914. Therefore, Sallie King had only ten years from the time of the adverse possession, provided she were free from disability, in which to assert her right to the possession of said land. Said land, therefore, is vested in defendant by virtue of the Statute of Limitations. Sec. 1881, R. S. 1909; Rutter v. Corrothers, 223 Mo. 648; Gray v. Yates, 67 Mo. 601; Bird v. Sellers, 113 Mo. 580. Likewise all claims to the interest of Eliza Woods were barred in three years after her death. She died February 9, 1908. Sec. 1883. R. S. 1909; DeHatre v. Edmonds, 200 Mo. 246; Rutter v. Corrothers, 223 Mo. 648; McKee v. Downing, 224 Mo. 132. (2) The devise was not a joint one to the children of David Cooper as a class and to the survivor for life, and to the heirs of the body of such survivor. Charles v. White, 214 Mo. 196; Peterson v. Jackson, 63 N. E. (Ill.) 643; Sec. 2878, R. S. 1909. Under the Statute *de donis,* upon the death of Joseph Cooper without leaving heirs of his body, this land would revert to the estate of the testator, and the title would vest in his two surviving daughters, Sallie A. King and Eliza J. Woods. 16 Cyc. 608; Peterson v. Jackson, 63 N. E. 645; Lewis v. Barnhart, 43 Fed. 864. The same result would follow under the statute of 1855 abolishing estates tail. Clarkson v. Clarkson, 125 Mo. 381; Brown v. Rogers,

125 Mo. 392; Clarkson v. Botten, 143 Mo. 47. (3) The division of the land by commissioners appointed by the circuit court in the partition suit, in which the persons then interested were made parties, is binding upon the remaindermen, and those who might take the estate under the will upon the death of Joseph Cooper. The land was held in severalty by the devisees after this partition suit. Accord v. Beatty, 244 Mo. 226; Stockwell v. Stockwell, 262 Mo. 682. (4) The plaintiffs in the present suit were all parties to the partition suit in 1878 and are bound by the judgment of the court rendered in that case. Sparks v. Clay, 185 Mo. 393; Reindeers v. Koppelman, 68 Mo. 482; Hart v. Stedman, 98 Mo. 452; Porter v. Davis, 38 Mo. 113; Ketchum v. Christian, 128 Mo. 42; Real Estate Co. v. Lindell, 142 Mo. 83; Secs. 25 and 34, chap. 104, Wagner Stat. 1872. (5) The judgment is partition estops the parties to the suit from setting up any adverse claim afterwards. And this applies to married women the same as to other persons. Ketchum v. Christian, 128 Mo. 43; Truesdail v. McCormack, 126 Mo. 39. (6) A judgment against an infant is binding, however irregular the proceedings, until set aside on appeal or by a direct proceeding for that purpose. Castleman v. Perry, 50 Mo. 583; Shields v. Powers, 29 Mo. 315; Hite v. Thompson, 18 Mo. 461; Shaw v. Gregoire, 35 Mo. 342; Freeman on Co-tenancy & Partition (2 Ed.), p. 626. The guardian *ad litem* of an infant is clothed with full powers of his ward after removal of disabilities. LeBurgoise v. McNamara, 82 Mo. 189. (7) The plaintiffs are estopped by their answer in the suit to quiet title, in which they not only disclaimed any right, title or interest in this land in themselves, but further, that the title was in their mother, Sallie A. King, and their aunt, Eliza J. Woods, in fee simple. Michalski v. Grace, 151 Mo. App. 631; 16 Cyc. 795, 797; Bensieck v. Cook, 110 Mo. 182. (8) The plea of limitation is admissible under a general denial. Johnson v. Calvert, 169 S. W. 81; Johnson v. Calvert, 260 Mo. 280; Stoecker v. Green, 94 Mo. 280; Coleman v. Drone,

116 Mo. 391; Bledsoe v. Sims, 53 Mo. 307; Campbell v. Light Co., 84 Mo. 352; Nelson v. Braddock, 44 Mo. 601; Stevenson v. Smith, 189 Mo. 447; Fairbanks v. Long, 91 Mo. 628; Pattison's Code Pldg. (2 Ed.), sec. 684.

BOND, P. J.—I. This is an action in two counts, one for an ejectment and the other to try title. The subject of the suit is twenty-six acres of land lying in Howard County, which were a part of the farm of David Cooper, who died in 1869, leaving four children, to whom he devised the land in question by the following clause of his will:

"3rd. It is my wish that my daughter Fannie E. Cooper have the use of my farm on which I now reside, during her natural life or until she is married, after which I desire that my children, J. D. Cooper, Eliza J. Woods and Sallie King shall have an equal part of my estate both real and personal share and share alike, and that it shall descend to the bodily heirs of each of them thereby entailing my estate upon them. If my daughter Fannie E. Cooper shall marry then she is to have an equal share with the rest."

The four children mentioned in this clause of the will died respectively in 1897, 1899, 1908 and 1912, none of them leaving any issue except Sallie A. King, who left six children, the plaintiffs in the present suit.

In April, 1878, three of the devisees mentioned in the above clause of the will brought an action against the other devisee, Sallie King, and her husband and children (the present plaintiffs), to partition the land of which their father died seized, including the twenty-six acres in controversy. Partition was prayed according to the provisions of the will. The present plaintiffs (then minors) were made defendants and were represented by a guardian *ad litem*, a decree in partition was granted, and the land divided into four parcels, numbered 1, 2, 3 and 4, and allotted in severalty to each of the four children of David Cooper.

Thereafter Joseph D. Cooper, executed a trust deed to secure a note for $500, in favor of L. L. Lynn, on forty acres allotted to him by the decree in partition and which includes the twenty-six acres in controversy.

The defendant of the present action claims by mesne conveyances from L. L. Lynn, to whom the land was conveyed by the trustee under the foreclosure of said trust deed.

In June, 1900, L. L. Lynn, in virtue of his purchase of said land, brought a suit under section 2092, Revised Statutes 1889, making all of the present plaintiffs parties, and they were duly served with process, but after taking legal advice, declined to appear in said action. But the attorney who represented other defendants, also filed an answer on behalf of the present plaintiffs, wherein they disclaimed any interest in the land. In that case the prayer of the petition filed by L. L. Lynn was granted. On the trial of the present suit defendant relied on these prior suits as creating an estoppel, the Statute of Limitations, and his paper title.

A judgment was rendered in his favor, from which plaintiffs have duly appealed.

II. The true intent and meaning of the will of David Cooper was, first, to devise an estate for life or until her marriage to Fannie E. Cooper in the entire farm; second, in the event of her marriage, to devise the entire farm to her and his three other children as tenants in common for life with remainders in fee to their respective bodily heirs; third, in case of the death of Fannie E. Cooper, while unmarried, to devise the entire farm to his other three children with similar remainders.

*Limitations.*

This construction is necessarily applicable to the terms of the third clause of the will of David Cooper, for the reason that by its language an estate tail at common law would have arisen upon the marriage or death of Fannie E. Cooper, and since that form of ten-

ure is now abolished, the tenant of a fee tail becomes a life tenant with remainders in fee simple to the person to whom the estate would first pass on the death of the first grantee. [R. S. 1909, sec. 2872.] It was not the intent of the testator to make any of the devisees joint tenants of the life estate, for he did not expressly so declare in his will, which is the positive requirement of the statute governing the creation of joint tenancies. [R. S. 1909, sec. 2878.] These conclusions are in strict consonance with the *directions of the will* and the *intent* of the testator, which are the measure of its meaning when not opposed to the requirements of the law. This was the criterion of construction at common law, of which the statute is simply declaratory. [R. S. 1909, sec. 583.] It follows that upon the death of Joseph D. Cooper, January 1, 1899, leaving neither wife nor descendants, his allotment of the land in the partition between the children of David Cooper, vested in his surviving sisters Eliza Woods and Sallie King. That partition, while it appertained only to a life estate, was binding, in the absence of fraud, upon the remaindermen of the respective life tenants who in that respect were represented by the owner of the preceding estate. [Stockwell v. Stockwell, 262 Mo. 1. c. 683; Sparks v. Clay, 185 Mo. 1. c. 408.] At the death of Joseph D. Cooper the land in controversy, through the foreclosure of the trust deed thereon given by him, passed into the possession of L. L. Lynn, who and his successors in title, have continued in adverse possession thereof until the institution of this suit. According to the holding in DeHatre v. Edmonds, 200 Mo. 246, and Shohoney v. Railroad, 223 Mo. 649, the ten-year Statute of Limitations would bar these two sisters under the facts in this record, for the disability of coverture of Mrs. King was removed on December 25, 1904, by the death of her husband and she, notwithstanding which, brought no action prior to her death in 1912, nor was the present action brought until March 28, 1914, about fifteen years after the death of Joseph Cooper. The bar of the statute is equally conclusive as to Mrs. Eliza Woods and those who claimed

under her. It began to run in January, 1899, she died under coverture February 9, 1908, wherefore the plaintiffs claiming under her could only have had the time prescribed by the statute in such cases to bring their suit, which time had fully expired before the institution of the present action. [R. S. 1909, sec. 1883.]

. It being thus apparent upon the conceded evidence the plaintiffs could not recover as against the defense of the Statute of Limitations arising in the open, notorious, exclusive and continuous possession on ·the part of the defendant and those through whom· he claimed, it is unnecessary to discuss whether or not the plaintiffs were not bound by the unreversed judgment of the court in the partition suit between the life tenants in 1878, to which action the plaintiffs were made parties and personally served with process. [Castleman v. Relfe, Guardian of Perry, 50 Mo. 583; LeBourgeoise v. McNamara, 82 Mo. 189; Freeman, Co-Tenancy and Partition (2 Ed.), p. 626.] The evidence in support of the Statute of Limitations was admissible under a general denial. [Nelson v. Brodhack, 44 Mo. l. c. 601; Stevenson v. Smith, 189 Mo. 447; Johnson v. Calvert, 260 Mo. 442.]

The judgment of the trial court is affirmed.

All concur.