VELMA OPAL DODD ET AL., Appellants, v. CORA E. McGEE.—No. 39446.—190 S. W. (2d) 231.

Division One, November 5, 1945.

J. N. Burroughs and E. C. Hamlin for appellants.

*Theo. G. Scott* for respondent:

 CLARK, J.—From a judgment of the circuit court refusing partition of real estate, plaintiffs have appealed.

Defendant is the widow of John J. McGee, deceased. Plaintiff, Velma Opal Dodd, is his only child and the other plaintiffs are the children of Mrs. Dodd.

The facts are agreed: McGee owned the land at his death. His will provided:

"I give, devise and bequeath to my beloved wife, Cora E. McGee, to have and to hold for and during her natural life all the real estate that I shall die seized of, with remainder in fee simple to my beloved daughter, Velma Opal Dodd and the heirs of her body."

The trial court construed the will to devise a life estate to Mrs. McGee, and a successive life estate to Mrs. Dodd with remainder in fee to the descendants of Mrs. Dodd living at her death. The court held that no partition can be had of the life estates or the remainders.

 Appellants concede that, under our statute, Mrs. Dodd takes only a life estate, but contend that the life estates of Mrs. McGee and Mrs. Dodd are concurrent and they are tenants in common; also that both the life estates and the remainders are subject to partition.

In support of their contention that the holders of the two life estates are tenants in common, appellants cite Section 3504, Revised Statutes Missouri 1939, [Mo. R. S. A., same section] and the following cases: Philbert v. Campbell, 317 Mo. 556, 296 S. W. 1001; Lemmons v. Reynolds, 170 Mo. 227, 71 S. W. 135, and King v. Theis, 272 Mo. 416, 199 S. W. 183.

Section 3504 provides: "Every interest in real estate granted or devised to two or more persons, other than executors and trustees, and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

In Philbert v. Campbell the will stated "I give and bequeath to my beloved wife, Iva Robinson, and my beloved niece, Hattie Campbell . . ." In Lemmons v. Reynolds, the language of the will was "I will to my two sons," naming them. In each of those cases this court held a tenancy in common rather than a joint tenancy was created, resting the decision on the provisions of the statute above quoted. In Lemmons v. Reynolds one of the devisees died before the death of the testator and our decision held that at the testator's death a one-half interest vested in the surviving son and the other half vested in the next of kin of the deceased son.

In Holloway v. Burke, 336 Mo. 380, 79 S. W. (2d) 104, we held that, where property is devised to persons as members of a class and one member dies before the death of the testator, the heirs of such deceased member take nothing, but the shares of the surviving members are increased. We expressly overruled Lemmons v. Reynolds and overruled Philbert v. Campbell insofar as it approved the Lemmons case.

Philbert v. Campbell was correct in result although erroneous in some of the reasons stated. However, it furnishes no support to appellants in the instant case. In that case the will devised concurrent estates. Here the estate granted to Mrs. Dodd is in *remainder*, that is, not to take effect in possession until the termination of the estate previously granted to Mrs. McGee. Neither Section 3504 nor any other statute prevents a testator from devising successive life estates so long as the rule against perpetuities is not violated. [O'Brien v. Sedalia Trust Company, 319 Mo. 1001, 5 S. W. (2d) 74.] Mrs. McGee and Mrs. Dodd are neither joint tenants nor tenants in common because their estates do not run concurrently. In King v. Theis, supra, the life estates considered by the court were concurrent. There the will read: "It is my wish that my daughter Fannie E. Cooper have the use of my farm . . . during her natural life . . . , after which I devise that my children, J. D. Cooper, Eliza J. Woods and Sallie King shall have an equal part of my estate . . . and that it shall descend to the bodily heirs of each . . . " In a partition suit in 1878 the land was divided in kind among the four devisees. J. D. Cooper gave a deed of trust on the share allotted to him and later this deed of trust was foreclosed. Fannie E. Cooper died in 1897. J. D. Cooper died in 1899 and in 1914 his heirs brought suit to recover the land which had been allotted to him in the partition suit. Judgment against the heirs was affirmed by this court on appeal in King v. Theis. The opinion discusses the 1878 partition suit, and inferentially sustains its validity, but later says it is unnecessary to so determine and decides the case on adverse possession and limitation. There is nothing in the opinion to indicate a holding that the first life tenant, Fannie E. Cooper, was a tenant in common with the other life tenants. Her life estate had terminated years before the last suit was instituted. The opinion distinctly states that the true intent of the will was: "First, to devise an estate for life, or until her marriage, to Fannie E. Cooper in the entire farm," then it goes on to indicate that upon the termination of this first life estate the devisees held life estates as tenants in common.

██ Appellants contend that the remainders in the instant case are vested, rather than contingent; also that partition can be had whether they are vested or contingent, citing: Reinders v. Koppelmann, 68 Mo. 482; Preston v. Brant, 96 Mo. 552, 10 S. W. 78; Acord v. Beaty, 244 Mo. 126, 148 S. W. 901, and Godman v. Simmons, 113 Mo. 122, 20 S. W. 972.

None of those cases support appellants' contention that the fee is vested in Mrs. Dodd's children subject to be divested as to any of them who may die during the life of Mrs. Dodd. The will devises the fee to the bodily *heirs*, not *children*, of Mrs. Dodd and her heirs cannot be determined until her death. Until then the remainder in

fee is contingent. [Stigers v. City of St. Joseph (Mo.), 166 S. W. (2d) 523.]

The cases cited by appellants so far as they hold that partition may be had under circumstances like those now under consideration have been overruled, either expressly or impliedly, by later cases. [Stockwell v. Stockwell, 262 Mo. 671, 172 S. W. 73; Shelton v. Bragg (Mo.), 189 S. W. 1174; Gray v. Clements, 286 Mo. 100, 227 S. W. 111; Gray v. Clement, 296 Mo. 497, 246 S. W. 940.]

It is true that contingent interests may be brought into partition in suits at law and either set off in kind or sold, the title to the parcels set off or to the proceeds of sale remaining subject to the same contingency as before, but such a suit must be brought by a person having a vested severable interest. The instant suit is under Section 1709, Revised Statutes Missouri 1939, [Mo. R. S. A., sec. 1709] which authorizes partition of lands "held in joint tenancy, tenancy in common, or coparcenary." The owner of a life estate in an entire tract who owns no interest in the fee cannot bring partition, [Gray v. Clement, 296 Mo. 497, 246 S. W. 940] although the owner of a life estate in an undivided interest may do so. [Rupp v. Molitor (Mo.), 9 S. W. (2d) 609.] Under Section 1710, Revised Statutes Missouri 1939, [Mo. R. S. A., sec. 1710] contingent interests may be brought into partition, under some circumstances, in equity, in a suit by a person "holding the estate or an interest in the estate, carrying the right of immediate use and enjoyment of such lands."

In the instant case the sole defendant, Mrs. McGee, owns an exclusive life estate in the entire tract. She has nothing to partition. Plaintiff, Mrs. Dodd, owns an exclusive life estate in the entire tract to vest in possession upon the termination of the preceding life estate. She has nothing to partition. The other plaintiffs, children of Mrs. Dodd, have interests contingent upon outliving their mother.

The objects of partition are to avoid the inconveniences resulting from common ownership and to accord to each owner the right to possess, enjoy and improve his separate share. Contingent owners are not subjected to such inconveniences or entitled to such right.

Some or all of Mrs. Dodd's children may never have a vested interest in the land. Under the circumstances of this case there is no legal reason to now partition the contingent interests.

The judgment of the circuit court is affirmed. All concur.