Roy Harlow, Appellant, v. Elvira Benning et al.—No. 40153.—207 S. W. (2d) 471.

Division One, January 12, 1948.

*John H. Haley* for appellant.

*May and May* for respondent.

[472] BRADLEY, C.—Action by plaintiff (appellant) and others to partition 90 acres of land in Pike County. The trial court found that plaintiffs had no interest in the land; that defendant, Zuma Givens, was the sole owner, and plaintiff, Roy Harlow, appealed.

Samuel Harlow, who died testate on October 5, 1896, owned the land at the time of his death. He left surviving his widow, Elizabeth Harlow, and 9 children. Defendant Zuma Givens was by the last wife, Elizabeth. The will was duly probated October 9, 1896.

The second clause of the will provided: "I give, will, and bequeath to my wife Elizabeth Harlow, 90 acres of land as follows (here described) for and during the term of her natural life and after her death the remainder I will to all my children hereinafter named in equal parts." Prior to January 13, 1898, J. D. Hostetter acquired the interest in the land of four of testator's children, and on January 13th, Hostetter filed suit to partition the land subject to the widow's life estate. The Hostetter partition suit went to judgment; the land was ordered sold, subject to the widow's life estate. At the partition sale February 27, 1899, Hostetter was the successful bidder on a bid of $505 and the sheriff's deed in partition was made to him and approved by the court. On March 2, 1899, Hostetter and wife conveyed the land to Zuma Harlow, now defendant Zuma Givens. The widow died August 1, 1920. She and Zuma occupied the land until the widow's death, and Zuma was in possession when this cause was filed July 30, 1945. Zuma claimed sole ownership under the Hostetter deed and by adverse possession.

Plaintiffs are the children of a deceased son of Samuel Harlow, the testator. They claimed title on the theory that at the time of the Hostetter partition suit, the land was not subject to partition; that the Hostetter partition suit was utterly void; that Hostetter got no title by the sheriff's deed in partition, and therefore had no title to convey to Zuma and that she acquired no title by the Hostetter partition suit; that plaintiffs, Zuma and the other defendants who are heirs of Samuel Harlow are tenants in common, and that no question on adverse possession is involved.

The case turns on the construction of the clause of the will set out, supra. Plaintiffs claimed that under the clause no interest in the land vested in the children of testator until the death of the widow. On the other hand Zuma claimed that the remainder interest in the land vested in the children upon the death of the testator, and not upon the death of the widow.

If the remainder interest did not vest in the children until the death of the widow August 1, 1920, then the land was not subject to partition in the Hostetter partition suit in 1899, and Zuma got no title under the Hostetter deed. Dodd v. McGee, 354 Mo. 644, 190 S. W. (2d) 231; Dennig v. Mispagel et al. (Mo. Sup.), 260 S. W. 72; Hill et al. v. Hill et al., 261 Mo. 55, 168 S. W. 1165; Stockwell et al. v. Stockwell et al., 262 Mo. 671, 1. c. 687, 172 S. W. 23; Stewart v. Jones et al., 219 Mo. 614, 118 S. W. 1; Shelton v. Bragg (Mo. Sup.), 189 S. W. 1174, 1175.

In this connection the appellant argues that it is apparent from the will that the testator did not devise the land to the named children subject to the life estate of [473] the widow, but rather, by using the words "and after her death, the remainder I will", created two distinct estates, "one to vest upon the death of the testator and the other upon the death of the testator's widow." It is urged that the allegation and judgment in the Hostetter partition suit ignored this fact and erroneously construed the will in alleging and decreeing that the testator's nine children became the owners as tenants in common of the remainder subject to the life estate devised to the widow. It is said that such interpretation and judgment changed the terms of the will, circumvented the law and on the face of it resulted in a void judgment in partition.

The judgment in the partition suit specifically decreed that the childrens' remainder was subject to the widow's life estate, otherwise the judgment did not mention or attempt to act upon her interest. The widow, as life tenant, occupied and lived on the farm until her death in 1920, and she made no effort to assert or claim any interest other than the life estate, either in the partition suit or otherwise. This was not, therefore, an attempt by the life tenant to partition as against the remaindermen as in Stockwell v. Stockwell and Shelton v. Bragg, supra.

The appellant's argument that there was a second estate which was to take effect upon the death of the widow seizes upon and emphasizes the words "after her death." But an estate in remainder does not necessarily become contingent merely because it is limited to take effect at or upon the death of a particular tenant. 33 Am. Jur., Secs. 86, 110, 111, pp. 543, 547. Such language does not necessarily create a contingency or a contingent interest, but may and usually does relate to the commencement of the enjoyment or possession of the particular remainder estate and not to the vesting of its title. Dunbar et al. v. Sims et al., 283 Mo. 356, 362, 222 S. W. 838, 839, 840; Thompson v. Thompson et al. (Mo. Sup.), 175 S. W. (2d) 885, 888. The mere fact that the will created a precedent life estate in the widow would not defer the vesting of the remainder in the children in the absence of some specific provision in the will to the contrary. Stevenson v. Stearns et al., 325 Mo. 646, 655, 29 S. W. (2d) 116,

119. Here the remainder estate is not limited to take effect upon the occurrence of some uncertain event. 33 Am. Jur., Sec. 68, p. 529. Nor is it made uncertain by being subject to a condition precedent as to the persons who are to take, as it was in the instance of the devise to the wife for life "with remainder in fee simple to my beloved daughter, Velma Opal Dodd, *and the heirs of her body*." Dodd v. McGee, supra. "A gift or grant of a life estate with remainder to a named person on the death of the life tenant creates a vested remainder on the death of the testator." 33 Am. Jur., Sec. 115, p. 573, Annotation 128 A. L. R., 306. Or to put it another way, a remainder is vested when it is limited to an ascertained person or persons with no further or other conditions imposed upon the taking effect in possession than the determination of the precedent life estate. Norman v. Horton, 344 Mo. 290, 126 S. W. (2d) 187.

The second clause of the will, "I give, will and bequeath to my wife, Elizabeth Harlow, 90 acres of land . . . for and during the term of her natural life and after her death the remainder I will to all my children hereinafter named in equal parts" unmistakably created a life estate in the widow and a vested remainder in the named children. Williams v. Reid (Mo. Sup.), 37 S. W. (2d) 537, 538. In Garrett v. Damron (Mo. Sup.), 110 S. W. (2d) 1112, the limitation was to the wife "so long as she may live" and "at the death of my wife . . . (the homestead) to revert to my (named) children or to the lawful heirs of each." The court applied the rules of ascertaining the testator's intention and of favoring the early vesting of estates, and held that a named child had a vested remainder subject to a life estate in the wife. In Harwell v. Magill, 348 Mo. 365, 153 S. W. (2d) 362, it was held that the devise, "I give and bequeath to my beloved wife, Addie Magill, the home place . . . to have and to hold during her natural life, and during her widowhood, but in case the said Addie Magill should marry, then in that event the property hereby devised to her, is to revert to my heirs share and share alike", created a vested remainder in the [474] testator's heirs, children and grandchildren. The remainders, being actual estates, were subject to being conveyed as some of them were to Hostetter. See: "The Transfer and Partition of Remainders in Missouri", M. O. Hudson, 14 M. B. L. 3, and 33 Am. Jur., Sec. 150, p. 615. Since they were vested remainders, they were subject to being partitioned among the remaindermen, subject to the life estate in the widow, Elizabeth Harlow. Virgin v. Kennedy, 326 Mo. 400, 409, 32 S. W. (2d) 91, 94; Garrett v. Damron, supra; Williams v. Reid, supra; 6 Mo. L. R., 87; Annotation 85 A. L. R., 1321. Admittedly the necessary parties were served with process and the court had jurisdiction of the parties as well as of the subject matter, and it necessarily follows that the judgment in the partition suit was not void. Through the partition suit and the deed from Hos-

tetter the respondent, Zuma Givens, acquired the fee simple title to the land involved in this action. Accordingly, as the trial court found, the appealing plaintiff had no interest in the land and therefore could not maintain this action.

The judgment therefore is affirmed. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.