In re David W. CLARK and Jeanne K. Clark, Debtors.

Fredrich J. CRUSE, Trustee, Plaintiff,

v.

David W. CLARK, Jeanne K. Clark, Mae A. Clark, Alan David Clark, and Daniel Roy Clark, Defendants.

Bankruptcy No. 87–20230–DPM.

Adv. No. 88–2001.

United States Bankruptcy Court, E.D. Missouri, N.D.

Sept. 29, 1988.

Vicki Dempsey, Hannibal, Mo., for plaintiff.

James S. Cole, Kirksville, Mo., for defendants.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pur-

suant to 28 U.S.C. § 157(b)(2)(H), which the Court may hear and determine.

## BACKGROUND

The Debtors filed a voluntary petition pursuant to Chapter 12 of the United States Bankruptcy Code on July 2, 1987. The Trustee filed a Complaint on January 15, 1988 alleging five causes of action against the Debtors based upon the transfer of a piece of property from Mae A. Clark to Alan David Clark and Daniel Roy Clark. Defendants filed their Answer on February 25, 1988. Subsequently, the Trustee moved to dismiss the second, fourth and fifth causes of action on March 15, 1988. Also on March 15, 1988, the Trustee filed a Motion For Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Defendants filed a Memorandum In Opposition to Plaintiff's Motion For Summary Judgment on March 25, 1988. Plaintiff/Trustee filed his Response to Defendants' Response on March 30, 1988.

## FACTS

The Trustee's Complaint alleges fraudulent transfer pursuant to Section 548(a)(2) of the Bankruptcy Code. The asset addressed by the Trustee was a remainder interest in a piece of property owned by the mother of the Debtor David Clark. The mother, Mae A. Clark, executed a warranty deed in Adair County, Missouri on November 12, 1969 conveying to David W. Clark and Jeanne Clark all of the piece of property that the mother owned. The deed further stated that Mae A. Clark preserved a life estate in and to the subject property with the power to sell, rent, lease, mortgage, or otherwise dispose of said property during her natural life. Nothing in this deed restricted or stated that Mae A. Clark could only transfer her life estate. On April 16, 1987, Mae A. Clark transferred the property to Alan David Clark and Daniel Roy Clark, her grandchildren, as tenants in common with a life estate reserved for Mae A. Clark along with the same language reserving her the power to dispose of the property during her lifetime.

## DISCUSSION

The Trustee alleges the property in this case was transferred within a year of the filing of the petition of David Clark and Jeanne Clark, creating a transfer while the Debtors were insolvent with the intent to hinder, delay or defraud the Debtors' creditors and thus the transfer is avoidable pursuant to Section 548 of the Bankruptcy Code. The Trustee's position is that the remainder interest in the forty acres is of considerable value and the remainderman's interest of the Debtors vested when the deed was made. He argues that the remainderman's interest is not limited to take effect on the occurrence of some uncertain event nor is it subject to a condition precedent, and therefore, the interest is an actual estate that can be conveyed citing *Harlow v. Benning*, 357 Mo. 266, 207 S.W.2d 471 (1984) for this proposition.

The deed on its face states "the party of the first part [Mae A. Clark] herein reserves a life estate in and to the foregoing described property with the power to sell, rent, lease, mortgage, or otherwise dispose of said property during her natural life. The above statement taken from *St. Louis County National Bank v. Fielder*, 260 S.W.2d 483." The Defendants cite *St. Louis County National Bank v. Fielder*, 364 Mo. 207, 260 S.W.2d 483 (1953) in support of their proposition that the language in the deed is sufficient to enable Mae Clark to have a revocable life estate. The *Fielder* court stated that this language "makes a clear and proper reservation of a life estate and does also reserve the right to sell, mortgage or otherwise dispose of the property during the grantor's lifetime, which Plaintiff correctly says in effect is a reservation of the power to revoke to be exercised in a particular manner." *Fielder* 260 S.W.2d at 484. The Court went on to state that the right to rent or lease is not inconsistent with a life estate and none of the provisions prevent the immediate vesting of title in the grantee of the remainder fee. While the grantee's estate might later be defeated by the exercise of the power, that would only make it a defeasible fee but nevertheless, a vested estate. *Fielder* at 484.

The Trustee cites *St. Louis Union Trust Company v. Morton*, 468 S.W.2d 193 (Mo. 1971) for the proposition that a life estate is not changed into a fee by the addition of a power, limited or unlimited, to dispose of the property but rather if a life tenant disposes of the property, the remainderman's interest continues in the proceeds. This Court does not believe that the *Morton* case implicitly overrules the *Fielder* case. The facts in *Morton* are readily distinguishable from the *Fielder* case and the *Morton* case does not address or mention the decision decided in *Fielder*.

"The intention of the grantor is to be ascertained and ... effect is to be given thereto if practicable and if such intention is not contrary to some positive rule of law; and in ascertaining such intention all the provisions of the deed are to be considered." *Julius v. Buckner*, 452 S.W.2d 139 (Mo.1970). This Court, in looking at the original deed, finds that it was the intent of the grantor to reserve in herself a life estate with the power to revoke as was indicated by her specifically mentioning the *St. Louis County National Bank v. Fielder* case in the deed itself. There is nothing illegal about this reservation nor of her exercising this power. The Debtors themselves had no present right to control the property and, therefore, this Court finds that there was not a fraudulent transfer pursuant to Section 548.

Therefore, this Court finds that this was not a fraudulent transfer pursuant to Section 548 and the Trustee's Motion For Summary Judgment is DENIED. An Order consistent with this Memorandum will be filed as of this date.