WILLIAM M. CREWS et al. v. C. T. MAUPIN et al.; and WILLIAM Y. MILLER et al., Appellants.

Divison Two, December 15, 1920.

1. **QUIETING TITLE: Construction of Will: Limitations: Action at Law.** A suit to ascertain and determine the title which devisees and their bodily heirs took under a will, and to determine the issue of title by limitations, is an action at law.

2. **Will: Remainder: Vested: After-born Children: Cotenants.** The testator, after providing for his wife and making certain specific legacies, gave to his four children, Mary, Robert, Perthana and Joseph, the residue, to "be held, used and enjoyed by them only for and during their natural lives and after their death to the children born of their bodies, and in case of either of my children dying without children born of their bodies, the other children shall take the share of such deceased child, to be held with the same limitations as the original bequest;" and directed that "in making the division of my real estate" Robert and Mary should have set off to them the farms on which they then resided, respectively; and by a codicil, he declared that "instead of my son Robert taking the farm on which he lives, I desire that my son Robert and my son Joseph take my home place jointly." In an attempt to divide the real estate, Mary and Perthana and their husbands conveyed the home place to Robert and Joseph, and they in turn conveyed other lands to Mary and Perthana. *Held,* that considering the will and codicil together, the testator contemplated and intended that Robert and his bodily heirs should take an undivided one-half interest in fee simple in said home place; that Joseph and his bodily heirs should take an undivided half interest therein; that said Robert and Joseph each took a life estate as cotenants; that the children of Robert, born of his body who were living at the time of testator's death, became vested as remaindermen with the fee simple title to an undivided half interest in said home place, subject to the life estate of their father; that children born of the body of Robert after the testator's death were entitled to take and share as remaindermen with those previously born; that the children of Joseph, likewise, took the title as remaindermen in the other undivided half; and that the children of Mary and Perthana took no interest whatever under said will and codicil in said home place.

3. **LIMITATIONS: Cotenants: Conveyance of Life Estate.** Where one tenant in common holds possession of land it will be presumed, in the absence of evidence to the contrary, that he holds possession for the benefit of himself and the other cotenants; but such presumption may be refuted by a showing that he has acquired a good title by open, exclusive and adverse possession, under a claim of absolute ownership. Where land was devised to four children and the heirs of their bodies, and one of them for money paid acquired by deed, which attempted to convey the fee simple title, the interests of the others, and after their death, claiming to be the owner, remained in exclusive possession for ten years after their bodily heirs had reached lawful age and were capable of suing, such remaindermen are barred by limitations.

4. **APPELLATE PRACTICE: Review of Findings: Limitations.** In an action at law, tried by the court sitting as a jury, where no instructions were asked and there were no rulings on the admission

of evidence adverse to appellants, the findings of the trial court on the question of the possession of plaintiffs being adverse and exclusive and other issues relating to title by limitations, the evidence being substantial, are binding upon the appellate court.

Appeal from Howard Circuit Court.—*Hon. Ernest S. Gantt*, Special Judge.

AFFIRMED.

Paul P. Prosser and Alex H. Walker for appellants.

(1) The court erred in finding and decreeing that the land in controversy, subject to the dower and homestead rights of the widow of testator, was devised by the will and codicil "to Robert D. Maupin and Joseph C. Maupin in equal shares as tenants in common for life, with remainder at their death to the respective children born of their bodies in fee simple," thereby giving to said Robert D. and Joseph C. and to each of them, and to the children born of their bodies an unequal and greater share in testator's estate than to his other children, contrary to the express terms of said will and intent of said testator. This issue must be determined by the terms and provisions of testators will fairly construed. (a) "The intention of the testator must prevail unless contrary to some positive rule of law." Borland on Wills, p. 296; Bredell v. Collier, 40 Mo. 321; Shumate v. Bailey, 110 Mo. 411; Yocum v. Siler, 160 Mo. 281; Peugnet v. Berthold, 183 Mo. 61. (b) "The intention must be gathered from the whole will and not from detached portions thereof." Borland on Wills, p. 298; Erwin v. Henry, 5 Mo. 469; Carr v. Dings, 58 Mo. 406; Chew v. Keller, 100 Mo. 362; Grace v. Perry, 197 Mo. 550. (c) "A will and its codicils are to be construed together." Borland on Wills, p. 299; Wells v. Fuchs, 226 Mo. 97. "The codicil is controlling only to the extent necessary to give effect to its provisions." Borland on Wills, p. 300. (d) "A word or a phrase occurring more than once in a will is presumed always to be used in the same sense." Borland on Wills, p. 310. (e) "Where plainly required, words may be sup-

plied or omitted, and words or sentences transposed.''
Nichols v. Boswell, 103 Mo. 151; Thompson v. Thompson, 115 Mo. 56; White v. McCracken, 87 Mo. App. 262.
(2) The court erred in finding that certain of the grandchildren of the testator, remaindermen in the lands in dispute, were barred by the Statutes of Limitation and that their interests had vested in plaintiffs. ''The possession of a life tenant cannot be adverse to the remainderman.'' Sutton v. Casseleggi, 77 Mo. 397; Heckescher v. Cooper, 203 Mo. 293; Hunnewell v. Burchett, 152 Mo. 611; Bowman v. Lee, 48 Mo. 335; Fugate v. Pierce, 49 Mo. 441; Wilkerson v. Ellers, 114 Mo. 245; Nelso v. Brodhack, 44 Mo. 596; Charles v. Pickens, 214 Mo. 213. ''Guarantees of life tenants can no more contest the remaindermen's title by adverse possession than could the life tenants themselves. Their possession, if adverse to an outstanding title, inures to the benefit of the remaindermen.'' McCune v. Goodwillie, 205 Mo. 339; Coberly v. Coberly, 189 Mo. 16; Stevenson v. Black, 168 Mo. 549; Hunnewell v. Adams, 153 Mo. 440; Johnson v. Prewitt, 32 Mo. 553; Barber v. Henderson, 156 Mo. 566; Rothwell v. Jamison, 147 Mo. 601; Comstock v. Eastwood, 108 Mo. 41; Hecksecker v. Cooper, 203 Mo. 278.

*R. M. Bagby* and *J. H. Denny* for respondents.

(1) · Appellants acquired no interest in the land in controversy under the will, for the simple reason that this land was a part of testator's home place, which the codicil devised to Robert D. Maupin and Joseph C. Maupin. (2) If the codicil to the will did not create a fee simple in the two sons, then, taken in connection with the whole will, an estate tail was created in them, which was by statute cast into a life estate in the sons with remainder in fee to their respective children. R. S. 1909, sec. 2872-2874; King v. Thies, 272 Mo. 416. (3) The grandchildren of testator took *per stirpes* the shares of their respective parents, and not the whole *per capita.* 40 Cyc. 1494; Preston v. Brant, 96 Mo. 552; 2 Jarman on Wills, p. 619, note 18; Romjue v.

Randolph, 166 Mo. App. 97; 2 Underhill on Wills, p. 798, sec. 599. (4) The agreed statement admits that Mary E. Crews, and the plaintiffs, her heirs at law, have been in the open, notorious, exclusive possession of said land, claiming ownership and paying all taxes from the 18th day of September, 1882, up to the present time, and that none of the defendants or any one under whom they claim or might claim have paid any taxes on said land or begun any action for the possession of said land prior to the filing of their separate answer in May, 1917. Every element necessary to confer title by adverse possession is here admitted. Fugate v. Pierce, 49 Mo. 441; Bowman v. Lee, 48 Mo. 335. Claim of ownership gives the possession an adverse character. Stevenson v. Black, 168 Mo. 549. The payment of taxes is evidence of the existence of a claim of title by adverse possession. Lumber Co. v. Craig, 154 S. W. 73; Stone v. Perkins, 217 Mo. 586; 2 Corpus Juris, p. 271, sec. 605. It is enough that possession be under a claim of title, to clothe it with the character of an adverse holding, and to give it efficacy as a defense, when of sufficient duration to be a bar. Tyler on Ejectment & Adverse Enjoyment, p. 683. (4) So that if the will did create an estate tail, or a life estate, in Parthana T. Miller, whatever rights or cause of action, if any, the appellants ever had, accrued on her death on the 20th day of June, 1903, and was barred by the Statute of Limitations in ten years thereafter, and long before the beginning of this suit. King v. Thies, 272 Mo. 416; Sec. 1879, R. S. 1909. (5) The children of testator made a division and equalization after the death of the widow, and Parthana T. Miller was paid her share in money and the land set apart to Mary E. Crews and Joseph C. Maupin, and subsequently divided by voluntary partition between the latter two. This equalization and partition was fair and just, and is binding on the remaindermen. Accord v. Beatty, 244 Mo. 126; King v. Thies, 272 Mo. 422; Stockwell v. Stockwell, 262 Mo. 683; Sparks v. Clay,

185 Mo. 508.   (6) Appellants are bound by the covenants in their mother's warranty deed, and are estopped to assert any interest in the land as it is admitted that they received from her estate property of equal or greater value than the value of the interest now asserted in the land.   R. S. 1909, sec. 2793 and 2875; Rumsey v. Otis, 133 Mo. 85; Foote v Clark, 102 Mo. 395; State ex rel. v. Burns, 129 Mo. App. 474; Talbert v. Grist, 198 Mo. App. 492.   (7) The deeds made by the testator after the will was made, and the operation of law after his death in appropriating 46 acres of the home place to pay his debts and setting off the remainder as a homestead to his widow, exempted the whole estate from the operation of the will, and the residue of the home place on the death of the widow became intestate property, and passed in fee by the warranty deeds made by the children of testator.   40 Cyc. 1207, 1210, 1211; 30 Am. & Eng. Ency. law (2 Ed.), 652. 655; Cozzens v. Jamison, 12 Mo. App. 452; Shepherd v. Fisher, 206 Mo. 245.

RAILEY, C.—This is an action at law, commenced by plaintiffs as the children and grandchildren of Mary E. Crews, deceased, in the Circuit Court of Howard County, Missouri, on April 17, 1917, to quiet title to 50.19 acres of land in the southeast quarter of Section 13, Township 51, Range 17, located in said county, and more fully described in the petition.   The suit was brought against the heirs at law of Robert D. Maupin, deceased, who are named in the petition as defendants; also against Joseph C. Maupin and his children, whose names are set out in the petition; also against the heirs at law of Perthana T. Miller, deceased, whose names are set out in said petition, and who are the only appellants in this cause, and are the only defendants who claim any interest in said land adversely to plaintiffs. The petition alleges that plaintiffs are the owners in fee of the real estate aforesaid, as tenants in common,

according to their respective interests as alleged therein; that defendants claim some interest in said land adversely to plaintiffs, etc. The court is asked to ascertain and determine the respective interests, titles, etc., of the parties herein, etc.

The heirs at law of Perthana T. Miller, deceased, to-wit, William Y. Miller and wife, J. Earl Miller and wife, and Annie Crews and husband, filed their joint and separate answer, in which they set out the will and codicil thereto, of William M. Maupin, deceased, claim an interest in the real estate aforesaid, under said will and codicil, and likewise plead other matters which will be referred to hereafter.

Respondents filed a reply to the answer aforesaid, admitted certain allegations of the answer to be true, denied all other allegations therein, pleaded the ten-year Statute of Limitations as a bar to the claim of said defendants, as well as other matters, which will be considered later.

It appears from the record that the notes of the testimony taken by the court stenographer at the trial were burned with the court house at Moberly, and counsel for the respondents and appellants have agreed upon the material facts of the case, as follows:

William M. Maupin was the common source of title. William M. Maupin executed a will and testament on the 8th day of February, 1871, and also executed a codicil thereto on the 4th day of August, 1873. At the date of said will and codicil, said William M. Maupin was the owner of 585.84 acres of land in Howard County, Missouri, a description of which is unnecessary. William M. Maupin died on the 13th day of September, 1879, and his said will and the codicil thereto was duly proven and admitted to probate in the Probate Court of Howard County, Missouri, on the 7th day of October, 1879, and letters testamentary issued to Joseph C. Maupin on the 8th day of October, 1879. Said will and codicil are in words and figures as follows.

"Last will and testament of William M. Maupin.

"I, William M. Maupin of Howard County in the State of Missouri, do make and publish this my last will and testament as follows:

"Item 1st. I will and desire that my funeral expenses and all just debts be first paid.

"Item 2nd. It is my will and desire that my beloved wife, Margaret A. Maupin, take such part of my estate to which she may be entitled as dower, but to have choice of such stock as she may desire at valuation.

"Item 3rd. I give and bequeath to my daughter Perthany T. Maupin my Pina Forte to use during her natural life, and after her death to go to her children, but in the event of her death without children, I give the same to my daughter Mary Eliza Crews for her sole and separate use or to her daughters. I desire, however, that the Pina Forte shall not be charged to my daughter Perthany, but she is to have the same over and above the other children.

"Item 4th. I have heretofore given my children Mary Eliza Crews and Robert D. Maupin property valued at three hundred dollars, which is to be charged them, and my other children I desire to have an equal amount of three hundred dollars in property each, which if not in my life-time I desire to be given them out of my estate to make them equal with the others.

"Item 5th. The balance of my estate after providing for my wife and paying the specific legacies above and after giving my son Joseph a good education I wish to be divided among my four children, Mary Eliza Crews, wife of William Crews, Robert D. Maupin, Perthany T. Maupin and Joseph Maupin. I will and desire, however, that the property so devised to my children shall be held, used and enjoyed by them only for and during their natural lives and after their death to the children born of their bodies and the portions to my daughters to be held for their sole and separate use, and in case of either of my children dying without

children born of their bodies, the other children shall take the share of such deceased child to be held with same limitations as the original bequest. In the event it is thought advisable to sell any portion of the estate devised, it may be sold by a trustee whom the probate or circuit court shall appoint and the proceeds invested for the use of the children as aforesaid and the property held for the same use and limit.

"Item 6th. In making the division of my real estate I desire that my son Robert D. Maupin shall take the farm on which he lives, the value to be ascertained by the appraisement of three disinterested parties appointed by the county or probate court and that my daughter Mary Eliza Crews shall have set off to her the place on which she lives, the value to be ascertained as above, and my other two children and wife to be provided for out of my estate, all to be valued and set off to them as aforesaid so as to make them equal, and when the shares are unequal to be made equal out of other property or out of my personal estate.

"Item 7th. I have permitted my son Joseph to trade in property though under age and I desire that he shall keep such property as he has acquired and holds at my house as his own property and not to be charged to him.

"Item 8th. I appoint my wife Margaret A. Maupin and Robert D. Maupin my executors jointly and after the arrival of my son Joseph to the age of twenty-one years, in case I die before he arrives at that age, to act with them as executor, and so far as possible to consult with my friend Thomas Shackleford in winding up my estate.

"In testimony whereof I have hereunto set my hand and seal the 8th of February, A. D. 1871.

"W. M. MAUPIN (Seal).

"Attest: T. Shackelford
Th. E. Birch.

"Codicil.

"I, William M. Maupin, do make and publish this my codicil to my last will and testament. Instead of my son Robert D. Maupin taking the farm on which he lives mentioned in Item 6th I desire that my son Robert D. Maupin and my son Joseph Maupin take my home place jointly to be valued to them as indicated in my said will.

"Witness my hand and seal this 4th day of August, 1873.

"W. M. MAUPIN.　(Seal.)

"Attest: Th. E. Birch"

Oath of attesting witnesses made before J. T. Smith, Judge of the Probate Court of Howard County, Missouri, on the 3rd and 6th of October, 1879.

Testator left surviving him a widow, Margaret A. Maupin, and two daughters and two sons, namely, Mary E. Crews, wife of William Crews, Perthana T. Miller, wife of William B. Miller, and Robert D. Maupin and Joseph C. Maupin, all of legal age.

Mary E. Crews, then a widow, died intestate, on the 9th day of October, 1916, leaving the plaintiffs in this cause as her only heirs at law.

Robert D. Maupin died on the 11th day of April, 1905, leaving defendants Cleve T. Maupin, R. Lee Maupin, Bettie Edwards, Blanche Hackley, Mattie Joe Miller, and Aggie Besgrove as his children and only heirs at law, who were all of full age at that time.

Perthana T. Miller died on the 20th day of June, 1903, leaving the defendants, William Y. Miller, J. Earl Miller and Annie Crews, her children and only heirs at law, who were then all of full age.

After making said will and codicil, to-wit, on the 30th day of September, 1875, said William M. Maupin, and Margaret A. Maupin, his wife, by their warranty deed of that date, recorded in Book 18, page 433, in the office of the Recorder of Deeds of Howard County, Missouri, conveyed to his daughter, the said Mary E.

Crews, in fee simple, sixty-five acres of land, being the same land on which she was living at the date of said will and being the same set apart to her in the 6th item of said will.

On the same day, to-wit, the 30th day of September, 1875, said William M. Maupin and Margaret A. Maupin, his wife, conveyed in fee simple to said Robert D. Maupin, Joseph C. Maupin and one William B. Miller, husband of said Perthana T. Miller, and father of defendants, William Y. Miller, J. Earl Miller and Annie Crews, 367.60 acres of land in Howard County, Missouri. It may be presumed that he made his children equal in this division of land. None of the land in these last two deeds is involved in this suit. These two deeds left the testator owning at the time of his death only the home place mentioned in the codicil to the will and containing 151.30 acres. Of this home place, 46.00 acres was sold by the executor by proper judicial proceedings for the payment of debts of the estate of said William Maupin, and the balance of the home place, 105.30 acres, was duly assigned and set apart to the widow for and during her natural life as a homestead, she having duly renounced the provisions of the will.

Margaret A. Maupin, the widow of testator, died on the 15th day of December, 1881.

The land described in the petition, being 50.19 acres, is a part of this homestead tract of 105.30 acres, and is the subject of dispute in this case.

After the death of the widow, the shares of the four children of the testator were equalized by a voluntary settlement and partition among themselves, in pursuance of which the said Perthana T. Miller, and her husband, William B. Miller, on the 10th day of January, 1882, for a consideration of $900, conveyed by a general warranty deed with a clause of grant, bargain and sell, and purporting to convey a title in fee simple, all their undivided one-fourth interest in and to said homestead tract, to Joseph C. Maupin.

Likewise the said Robert D. Maupin, and Mattie Maupin, his wife, by their general warranty deed with like clauses and purporting to convey a title in fee simple, on the 23rd day of December, 1881, for a consideration of $1065, conveyed to said Mary E. Crews, all of his title and interest in said homestead tract.

Afterwards, on the 18th day of September, 1882, the said Joseph C. Maupin and the said Mary E. Crews, made a voluntary partition of said land by interchange of warranty deeds, with like clauses and of like import, whereby the said land described in the petition was assigned, set apart and conveyed in severalty to said Mary E. Crews, and the remaining 55.11 acres of said homestead tract and home place were allotted, set apart and conveyed to said Joseph C. Maupin. Said division was fair and equal at the time it was made and the land allotted to each of said parties was of equal value.

On said 18th day of September, 1882, the said Mary E. Crews entered into the possession of the said land, being the same land described in the petition, and from that day said land has been in the open, notorious, exclusive possession of the said Mary E. Crews up to the date of her death, to which she claimed ownership, and thereafter the plaintiffs, her heirs at law, since her death. The said Mary E. Crews and the plaintiffs have paid all taxes lawfully due on said land since said date, and none of the defendants nor any one under whom they claim or might claim have paid any taxes on said land or begun any action for the recovery thereof prior to the filing of the separate answer of appellants in this cause.

The defendants and appellants, William Y. Miller, J. Earl Miller and Annie Crews received from the estate of their mother, the said Perthana T. Miller, money and property of equal or greater value than the value of the interest now asserted by them in said land. The defendants, Cleve T. Maupin, R. Lee Maupin, Mattie Joe Miller, Bettie Edwards, Rosa Ola Washburn Blanche Hackley and Aggie Besgrove, children and heirs

at law of said Robert D. Maupin, likewise received from the estate of their said father, money and property of equal or greater value than the interest which the separate answer of appellants allege they own in the land described in the petition.

None of the defendants, except said William Y. Miller, J. Earl Miller and Annie Crews, children of said Perthana T. Miller, claim any interest in said land in dispute in this action or join in the appeal.

This suit was begun by the filing of the petition in the Circuit Court of Howard County, Missouri, on April 17, 1917. The separate answer of appellant was filed on the — day of May, 1917.

This was all the evidence.

The case was tried before the court without a jury and without instructions. No adverse rulings of the trial court are complained of, in regard to the admission or exclusion of evidence. On May 31, 1917, the trial court found the issues in favor of respondents, and entered a decree accordingly, reciting the facts found by the court. Respondents were declared to be the owners in fee of said real estate, and appellants were held to have no title thereto, nor interest therein, except that defendant, Cleve T. Maupin, is given a lien for $72.05 and costs, on the interest of Harry Crews in said land. Said decree, likewise set out the respective interests of plaintiffs as tenants in common in said land, as found by the court.

Appellants, in due time, filed their motions for a new trial and in arrest of judgment, both of which were overruled, and the cause duly appealed by them to this court.

I. This is purely an action at law, under Section 2535, Revised Statutes 1909, to quiet title to the 50.19 acres of Howard County land described in the petition.

**Action at Law.**

The codicil to the will of William M. Maupin, deceased, was executed on August 4, 1873, and reads as

follows: "Instead of my son Robert D. Maupin taking the farm on which he lives mentioned in Item 6th **Codicil.** I desire that my son Robert D. Maupin and my son Joseph Maupin take my home place jointly, to be valued to them as directed in my said will."

If the above codicil be construed as vesting in Robert D. Maupin, and Joseph Maupin, the fee simple title, as tenants in common, to the land in controversy, it is clear that *appellants* can have no interest therein, for they are not the heirs at law of either Robert D. Maupin or Joseph Maupin.

II. If the deeds, made by the testator and his wife, after the execution of the will and codicil, and the operation of law after his death in appropriating 46 acres of **Intestate Property.** the home place to pay his debts, and setting off the remainder as a homestead to his widow, exempted the whole estate from the operation of the will, and the residue of the home place, on the death of the widow, became intestate property, then these appellants would have no interest in said land on acount of the deeds made by testator's children, mentioned in the agreed statement of facts. In other words, as Perthana T. Miller and her husband, on January 10, 1882, for the consideration of $900, conveyed by warranty deed, a fee simple title of all their undivided one-fourth interest in and to said homestead tract, to Joseph C. Maupin, it left appellants without any interest in said land, if it was intestate property.

III. Assuming for the purposes of the case, that the land in controversy did not become intestate property, as heretofore suggested, and assuming **Testate Property.** that the fee simple title to said land, did not pass to Robert D. Maupin and Joseph Maupin as tenants in common, under the codicil aforesaid, then what estate was conveyed by the codicil in connection with the will, and to whom?

Taking the foregoing assumptions as true, we are of the opinion, that Robert D. Maupin, at the death of

testator, became vested with a life interest in the undivided one-half of the 105.30 acres, left after the payment of debts, subject to the widow's homestead rights. By virtue of said will and codicil, the children of said Robert D. Maupin, born of his body who were living at the time of testator's death, became vested as remaindermen with the fee simple title to the undivided one-half interest in said land, subject to the life estate of their father. [Sec. 2872, R. S. 1909; Collins v. Whitman, 222 S. W. 1. c. 842-3-4; Dunbar v. Sims, 222 S. W. 1. c. 839-40; King v. Theis, 272 Mo. 416.] If any children were born of the body of said Robert D. Maupin, after the death of testator, they were entitled to take and hold, as remaindermen, their proportionate part, of said undivided one-half interest, subject to the life estate of their father. [Barkhoefer v. Barkhoefer, 204 S. W. 1. c. 909-10; Buckner v. Buckner, 255 Mo. 371; Carter v. Long, 181 Mo. 1. c. 709; Cates v. Seibert, 157 Mo. 271; Tiedeman On Real Property, sec. 175, foot notes; 2 Underhill On Wills, sec. 558, pp. 731-2.]

The same principles of law apply to Joseph Maupin and his children.

We think it is perfectly clear from a consideration of all the provisions of the will, in connection with the codicil, that the testator contemplated, and intended, that Robert D. Maupin and his said children, should together take an undivided one-half interest in fee simple in said real estate; that said Joseph Maupin and his children should together take an undivided one-half interest in fee simple in said land; and that said life tenants, were to be considered as tenants in common. The foregoing conclusion, precludes the appellants from owning or holding any interest in said property, as they are not the heirs at law of either son.

Considering the will and codicil as a whole, we are of the opinion, that testator, in the execution of the codicil, did not intend that either of his other two children—Mrs. Crews or Mrs. Miller—should take any

interest in the homestead property, nor that the children
of either should take any part of same. He was devising
this property absolutely to Robert D. and Joseph
Maupin, and their children as aforesaid, and expected
these sons to make up to their sisters what would have
been their proportionate part of same, if it had been
conveyed to all four of the childern. We think, the
will contemplated this, and the four children, after the
death of the widow, equalized their shares in the home-
stead tract, by Perthana T. Miller and husband, on
January 10, 1882, conveying their interest in said tract
to Joseph C. Maupin for $900, while Robert D. Maupin
exchanged positions with Mary E. Crews, and received
from her, $1065, for his interest in said homestead tract.

It is likewise conceded in the statement of facts
that these appellants received from the estate of their
mother, Perthana T. Miller, money and property of
equal or greater value than the value of the interest
now asserted by them in said land.

If this were considered a proceeding in equity, we
are of the opinion, that appellants' claim of interest
in the land aforesaid, is without merit.

IV. Even if it be conceded (for the purpose of the
case only), that Perthana T. Miller was entitled to a
life estate in an undivided one-fourth interest of the
land in dispute, and that her children were
entitled to the remainder of said undivided
one-fourth interest, yet, when said Perthana T. Miller
died on June 20, 1903, the ten-year Statute of Limitations
began to run at once against these appellants, and their
claim of interest in this land was barred thereby, when
this suit was commenced on April 17, 1917. Where one
tenant in common is in possession of land, it will be
presumed, in the absence of evidence to the contrary,
that he holds possession of same for the benefit of all.
But, it is equally as well settled, that the tenant in pos-
session may rebut such presumption, by showing that

he has acquired a good title by open, notorious, exclusive and adverse possession, under a claim of absolute ownership, etc. [Sec. 1879, R. S. 1909; Huntington R. E. Co. v. Megaree, 280 Mo. 41, 217 S. W. l. c. 305; King v. Theis, 272 Mo. l. c. 422-3, 199 S. W. 183; Hart v. Eldred, 264 Mo. l. c. 151-2; Johnson v. Calvert, 260 Mo. l. c. 456-7, 169 S. W. 78.; Allen v. Morris, 244 Mo. l. c. 364; Hendricks v. Musgrove, 183 Mo. l. c. 309.]

V. Appellants, in their original brief, in speaking of Mary E. Crews, and discussing the Statute of Limitations say: "They do not admit, however, that her possession was hostile, or that she held adversely to them as remaindermen, or that they had notice, either actual or constructive, that her attitude was hostile or that she was claiming adversely to their title."

<div style="margin-left:2em">Review of Findings.</div>

In the agreed statement of facts, it is stated: "That on said 18th day of September, 1882, the said Mary E. Crews entered into the possession of the said land, being the same land described in the petition, and from that day to the present time, said land has been in the open, notorious, exclusive possession of the said Mary E. Crews up to the date of her death, to which she claimed ownership, and thereafter the plaintiffs, her heirs at law, since her death. And that the said Mary E. Crews and the plaintiffs have paid all taxes lawfully due on said land since said date, and none of the defendants or any one under whom they claim or might claim have paid any taxes on said land, or begun any action for the recovery thereof prior to the filing of the separate answer of appellants in this cause."

It likewise appears from the agreed statement of facts that Perthana T. Miller and husband (father and mother of appellants) executed a warranty deed to Joseph C. Maupin, on January 10, 1882, in which they undertook to convey to him a fee simple title to the undivided one-fourth interest in said 105.30 acres. On

the same day, it is agreed, that Joseph C. Maupin and Mary E. Crews, made a voluntary partition of said land by interchange of warranty deeds, and that the 50.19 acres in controversy was thus conveyed to said Mary E. Crews. With the foregoing deeds on record, and Mary E. Crews being in possession of the land, it presented very strong evidence to appellants, upon the death of their mother in June, 1903, that Mrs. Crews was claiming the land in controversy as absolute owner thereof.

In the foregoing contention of appellants' counsel, they have apparently lost sight of the fact that this is an action at law, brought here without instructions, without any adverse ruling of the trial court as to the admission or rejection of evidence, and with the affirmative finding of the trial court, that, "on the 18th day of September, 1882, the said Mary E. Crews entered into the possession of the said land so allotted to her and continuously from said date held the exclusive, open, notorious and adverse possession of said land, claiming the title thereto absolutely in fee simple, and paying all taxes on the same to the date of her death, and that since said time the plaintiffs, as her heirs at law, have so held possession and paid taxes thereon, and that the plaintiffs are now the owners of said land in fee simple." The finding of the trial court, in respect to the above matter, is supported by substantial evidence and is conclusive, as to this court. [Mooneyham v. Mynatt, 222 S. W. (Mo.) 451; Cowan v. Young, 220 S. W. (Mo.) l. c. 872; Franke v. Franke, 213 S. W. (Mo.) l. c. 42; Bingham v. Edmonds, 210 S. W. (Mo.) 885, and cases cited.]

VI. Other questions are presented and argued by counsel for the respective parties, but, in view of what has already been said, it would serve no good purpose to extend this discussion further. The decree of the trial court, in favor of plaintiffs, is

Conclusion.

fully sustained by substantial evidence, and we are well satisfied with the conclusions reached therein.

The judgment below is accordingly affirmed.  *White* and *Mozely, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court.  All and *Mozley, CC.,* concur.